JOHN ORSER, late Sheriff, &c., *vs.* THE GLENVILLE WOOLEN COMPANY and others.

The 33d section of the Code, which provides that in case of the death of a sole plaintiff, the action may be continued in the name of his representatives or successor in interest, does not apply to a case where a sheriff sues as such, and dies during the term at which the action is tried, and his deputy is also dead.

Such a case is provided for, however, by the Revised Statutes, which direct that "where an action is authorized or directed by law to be brought in the name of a public officer, his death or removal shall not abate the suit, but the same may be continued by his successor; who shall be substituted by the court, and a suggestion of such substitution shall be entered on the record." (3 *R. S.* 670, *5th ed.*)

MOTION to continue action, after the death of the plaintiff.

*Brown, Hall & Vanderpoel,* for the motion.

INGRAHAM, J. The plaintiff in this case died during the term at which the action was tried, and judgment was entered as of the first day of the term. A motion is now made to continue the action.

By the 33d section of the Code it is provided that, in case of the death of a sole plaintiff, the action may be continued in the name of his representatives or successor in interest. The sheriff, as such, has no representative, except it be his deputy. In the present case, the deputy, also, is dead.

It may also be doubted whether the claimant, for whose benefit the action is brought, can be called the successor in interest. He does not succeed to any interest of the sheriff, after his death. His rights remain the same after the death of the sheriff, as they were before, and are not in any way to be considered as belonging to him as successor in interest.

I am of the opinion that this section does not provide

the remedy for the difficulty. There is, however, a provision in the Revised Statutes which meets this case. (3 *R. S.* 670, *5th ed.*) " Where an action is authorized or directed by law to be brought in the name of a public officer, his death or removal shall not abate the suit, but the same may be continued by his successor, who shall be substituted by the court, and a suggestion of such substitution shall be entered on the record."

This applies to such a case as the present, and the plaintiff's attorney may take an order to continue the action in the name of the successsor in office of the plaintiff.

[NEW YORK SPECIAL TERM, September 30, 1871. *Ingraham*, Justice.]